## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

LEONEL MORENO, JR.              §
    Petitioner,              §
V.                             §          C.A. NO. C-06-4
                               §
WARDEN JOE D. DRIVER,          §
    Respondent.              §

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

On July 17, 2006, United States Magistrate Judge B. Janice Ellington filed a

Memorandum and Recommendation (D.E. 22), recommending that Moreno's petition for

writ of habeas corpus under 28 U.S.C. § 2241 be dismissed.  The Magistrate Judge

noted that petitioner was challenging his sentence and conviction, and thus his motion

sought relief available not under § 2241, but instead available only under § 2255.

Petitioner had previously filed a § 2255 motion in the district court where he was

convicted and sentenced, but that motion had been denied.  Petitioner contended that he

should be permitted to invoke the savings clause of § 2255.

The Magistrate Judge disagreed, concluding that petitioner had not shown that the

§ 2255 remedy was "inadequate or ineffective," as required to invoke the savings

clause.  In particular, she concluded that petitioner had not met even the first prong of

the two-prong test set forth in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th

Cir. 2001) because he had not identified "a retroactively applicable Supreme Court

decision which establishes that petitioner may have been convicted of a nonexistent

offense."  (D.E. 22 at 4-5).

Petitioner has filed objections to the Memorandum and Recommendation, in which he reiterates his argument that United States v. Booker, 543 U.S. 220 (2005) is a retroactively applicable decision that should be applied to his case.  The Fifth Circuit has explicitly held, however, that Booker is not retroactively applicable on collateral review.  United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"); see also Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005) (rejecting argument that Booker was a retroactively applicable decision that could support the application of the savings clause).  Thus, the Magistrate Judge correctly concluded that petitioner's claim of actual innocence does not satisfy the first prong of the Reyes-Requena test, and does not entitle him to application of the savings clause.

For the foregoing reasons, and having made a *de novo* review of the Magistrate Judge's memorandum and recommendation and the pleadings on file, this Court hereby adopts as its own the findings and conclusions of the Magistrate Judge.

Accordingly, respondent's motion to dismiss (D.E. 19) is granted.  Petitioner's motion for an evidentiary hearing (D.E. 20) is denied as moot.

ORDERED this 16th day of August, 2006.

HAYDEN HEAD
CHIEF JUDGE